1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

WATM LLC d/b/a STEVENS &
ASSOCIATES/STEVENS MANAGEMENT
SERVICES,

            Plaintiff/Counter-Defendant,

    v.

PAYMENT ALLIANCE INTERNATIONAL,
INC.,

            Defendant/Counter-Plaintiff.

Case No. 2:24-cv-00405-JHC

**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER**

**NOTED FOR CONSIDERATION: AUGUST 14, 2024**

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.      General Principles**

1.      An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.      As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.      This

AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED
INFORMATION / ORDER - 1
Case No. 2:24-cv-00405-JHC

agreement is intended to assist the parties in identifying relevant, responsive information that has been stored electronically and is proportional to the needs of the case.  The agreement does not supplant the parties' obligations to comply with Fed. R. Civ. P. 34.

**B.      ESI Disclosures**

Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each party shall disclose:

1.      Custodians. The custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control.

2.      Non-custodial Data Sources. A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI.

3.      Third-Party Data Sources. A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.      Inaccessible Data. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C.      ESI Discovery Procedures**

1.      On-site inspection of electronic media. Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2.      Search methodology. The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken. The parties shall continue to cooperate in revising the

1   appropriateness of the search methodology.

2       a.    Prior to running searches:

3       i.    The producing party shall disclose the data sources (including

4   custodians), search terms and queries, any file type and date restrictions, and any other

5   methodology that it proposes to use to locate ESI likely to contain responsive and discoverable

6   information. The producing party may provide unique hit counts for each search query.

7       ii.    After disclosure, the parties will engage in a meet and confer

8   process regarding additional terms sought by the non-producing party.

9       iii.    The following provisions apply to search terms / queries of the

10   requesting party.  Focused terms and queries should be employed; broad terms or queries, such

11   as product and company names, generally should be avoided.  A conjunctive combination of

12   multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as

13   a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer"

14   or "system") broadens the search, and thus each word or phrase shall count as a separate search

15   term unless they are variants of the same word.  The producing party may identify each search

16   term or query returning overbroad results demonstrating the overbroad results and a counter

17   proposal correcting the overbroad search or query.

18       3.    <u>Format.</u>

19       a.    ESI will be produced to the requesting party with searchable text, in a

20   format to be decided between the parties. Acceptable formats include, but are not limited to,

21   native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs

22   (only with load files for e-discovery software that includes metadata fields identifying natural

23   document breaks and also includes companion OCR and/or extracted text files), and searchable

24   PDF.

25       b.    Unless otherwise agreed to by the parties, files that are not easily

26   converted to image format, such as spreadsheet, database, and drawing files, will be produced in

1   native format.

2            c.       Each document image file shall be named with a unique number (Bates

3   Number). File names should not be more than twenty characters long or contain spaces. When a

4   text-searchable image file is produced, the producing party must preserve the integrity of the

5   underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where

6   applicable, the revision history.

7            d.       If a document is more than one page, the unitization of the document and

8   any attachments and/or affixed notes shall be maintained as they existed in the original

9   document.

10       4.       De-duplication. The parties may de-duplicate their ESI production across

11  custodial and non-custodial data sources after disclosure to the requesting party, and the

12  duplicate custodian information removed during the de-duplication process tracked in a

13  duplicate/other custodian field in the database load file.

14       5.       Email Threading.  The parties may use analytics technology to identify email

15  threads and need only produce the unique most inclusive copy and related family members and

16  may exclude lesser inclusive copies.  Upon reasonable request, the producing party will produce

17  a less inclusive copy.

18       6.       Metadata fields. If the requesting party seeks metadata, the parties agree that the

19  following metadata fields need be produced, and only to the extent it is reasonably accessible

20  and non-privileged: document type; custodian and duplicate custodians (or storage location if no

21  custodian); author/from; recipient/to, cc and bcc; title/subject; email subject; file name; file size;

22  file extension; original file path; date and time created, sent, modified and/or received; and hash

23  value. The list of metadata type is intended to be flexible and may be changed by agreement of

24  the parties, particularly in light of advances and changes in technology, vendor, and business

25  practices.

26

AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED
INFORMATION / PROPOSED ORDER - 4
Case No. 2:24-cv-00405-JHC

**D.     Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1.     Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2.     The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

3.     Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

a.     Deleted, slack, fragmented, or other data only accessible by forensics.

b.     Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

c.     On-line access data such as temporary internet files, history, cache, cookies, and the like.

d.     Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

e.     Back-up data that are duplicative of data that are more accessible elsewhere.

f.     Server, system or network logs.

g.     Data remaining from systems no longer in use that is unintelligible on the

AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED
INFORMATION / PROPOSED ORDER - 5
Case No. 2:24-cv-00405-JHC

1          systems in use.

2                    h.          Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or

3                                from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that

4                                a copy of all such electronic data is automatically saved in real time

5                                elsewhere (such as on a server, laptop, desktop computer, or "cloud"

6                                storage).

7    **E.          Privilege**

8           1.          A producing party shall create a privilege log of all documents fully withheld

9    from production on the basis of a privilege or protection, unless otherwise agreed or excepted by

10   this Agreement and Order. Privilege logs shall include a unique identification number for each

11   document and the basis for the claim (attorney-client privileged or work-product protection). For

12   ESI, the privilege log may be generated using available metadata, including author/recipient or

13   to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata

14   provide insufficient information for the purpose of evaluating the privilege claim asserted, the

15   producing party shall include such additional information as required by the Federal Rules of

16   Civil Procedure. Privilege logs will be produced to all other parties no later than 30 days after

17   delivering a production unless an earlier deadline is agreed to by the parties.

18          2.          Redactions need not be logged so long as the basis for the redaction is clear on

19   the redacted document.

20          3.          With respect to privileged or work-product information generated after the filing

21   of the complaint, parties are not required to include any such information in privilege logs.

22          4.          Activities undertaken in compliance with the duty to preserve information are

23   protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

24          5.          Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically

25   stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding

26   shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute

AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED
INFORMATION / PROPOSED ORDER - 6
Case No. 2:24-cv-00405-JHC

1   a waiver by the producing party of any privilege applicable to those documents, including the

2   attorney-client privilege, attorney work-product protection, or any other privilege or protection

3   recognized by law.  This Order shall be interpreted to provide the maximum protection allowed

4   by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.  Nothing contained

5   herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI

6   or information (including metadata) for relevance, responsiveness and/or segregation of

7   privileged and/or protected information before production.  Information produced in discovery

8   that is protected as privileged or work product shall be immediately returned to the producing

9   party.

10          Dated this 14th day of August, 2024.

11

12  STOKES LAWRENCE, P.S.                         DLA PIPER LLP (US)

13  By: */s/ Brett MacIntyre*                     */s/ Austin Rainwater (E-mail Authority*
    Mathew Harrington (WSBA #46572)               Austin Rainwater, WSBA No. 41904
14  Brett MacIntyre (WSBA #46572)                 701 Fifth Avenue, Suite 6900
    1420 Fifth Avenue, Suite 3000                 Seattle, Washington 98104-7029
15  Seattle, WA 98101-2393                        Telephone: (206) 839-4800
    Telephone:  206-626-6000                      austin.rainwater@us.dlapiper.com
16  E-mail: mat.harrington@stokeslaw.com
    E-mail: brett.macintyre@stokeslaw.com
17                                                MCFADDEN TRACHTENBERG PLLC

18  *Attorneys for Plaintiff/Counter-Defendant*   */s/Brian A. Srubar (E-mail Authority)*
    *WATM LLC d/b/a Stevens &*                     Brian Trachtenberg, Texas Bar No. 24037608
19  *Associates/Stevens Management Services*       *Pro Hac Vice*
                                                   brian@GreatLaw.com
20                                                 */s/ Brian A. Srubar (E-mail Authority)*
                                                   Brian A. Srubar, Texas Bar No. 24098460
21                                                 *Pro Hac Vice*
                                                   srubar@GreatLaw.com
22                                                 4200 Montrose Blvd, Ste. 300
                                                   Houston, Texas 77006
23                                                 Telephone: (713) 688-6789

24

25                                                 *Attorneys for Defendant/Counter-Plaintiff*
26                                                 *Payment Alliance International, Inc.*

1

## ORDER

2
Based on the foregoing, IT IS SO ORDERED.

3

4
DATED: August 14, 2024.

5

6

7
John H. Chun
United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26