UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WATM LLC d/b/a STEVENS & ASSOCIATES/STEVENS MANAGEMENT SERVICES, | CASE NO. 2:24-cv-00405-JHC |
| Plaintiff, | ORDER |
| v. | |
| PAYMENT ALLIANCE INTERNATIONAL, INC., | |
| Defendant. | |

**I**

**INTRODUCTION**

This matter comes before the Court on the parties' sealing motions at Dkt. ## 93, 99 & 107. The Court has considered the materials filed in support of and in opposition to the motions, the rest of the file (including the exhibits and deposition transcript designations sought to be sealed), and the governing law. Being fully advised, for the reasons below, the Court GRANTS IN PART and DENIES IN PART the motions.

//

ORDER - 1

## II

### BACKGROUND

Payment Alliance International (PAI) provides ATM management tools and services across the United States.  Dkt. # 33-2 at 2 ¶ 2.  WATM provides ATM and payment-related services to about 300 merchants.  Dkt. # 1-2 at 2 ¶ 2.  PAI provides processing services to WATM for their debit, credit, and ATM terminals.  Dkt. # 33-2 at 2 ¶ 3.  The Parties' dispute concerns Defendant's seizure of funds that it alleges Plaintiff generated by operating so-called "scrip" or cashless ATMs.  Dkt. # 100 at 15–16.  Defendant says that it does not permit the use of scrip terminals in its ATM network, which Plaintiff used.  *Id.*

The Parties now move for summary judgment.  *See* Dkt. ## 94 (Plaintiff's motion for partial summary judgment dismissing Defendant's counterclaims), 100 (Defendant's motion for summary judgment dismissing Plaintiff's claims).  As part of their summary judgment motions, the Parties move to seal various exhibits.[1]

## III

### DISCUSSION

A.    Legal Standards

Parties seeking to seal documents in connection with dispositive motions must "articulate[] compelling reasons supported by specific factual findings" to overcome the "strong presumption in favor of access" to court records.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation modified).  Compelling reasons exist

---

[1] Local Civil Rule 5(g) and the parties' Stipulated Protective Order, Dkt. # 18, obligate Plaintiff WATM to move to seal documents on Defendant PAI's behalf, though it opposes sealing any of the documents.  Plaintiff filed the first motion Dkt. # 93, seeking sealing of 19 exhibits as part of its motion for summary judgment.  Dkt. # 94. Defendant then provided reasons for why these exhibits should be sealed.  Dkt. # 107.  Defendant filed a separate sealing motion, Dkt. # 99, for four other exhibits attached to its own summary judgment motion.  Dkt. # 100.

when "such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)).  Thus, the Court "must 'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id. (*citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  The "mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. (citing *Foltz*, 331 F.3d at 1135).

"[S]ources of business information that might harm a litigant's competitive standing" can support sealing requests.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citing *Nixon*, 435 U.S. at 598–99).  In this context, courts in this Circuit have granted sealing motions to protect documents containing sensitive, non-public business information, even if not outright trade secrets.  *See, e.g.*, *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (finding compelling reasons to seal contractual terms and information related to "business strategies" and "business model[s]" because it "could harm" future business relationships and competitive standing) (citing *In re Elec. Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008); *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) ("technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard); *Brown v. Brown*, 2013 WL 12400041, at *1 (N.D. Cal. Dec. 30, 2013) (finding compelling reasons to seal information about "profits, losses, income, investments, and expenses" when disclosure could harm party's competitive standing).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

If a court decides that a party has shown compelling reasons to seal, it must determine whether those reasons outweigh the public's presumed right of access to the information. *See Kamakana*, 447 F.3d at 1178–79; *see also* Fed. R. Civ. P. 26(c) advisory committee's note to 1970 amendment (In the context of protective orders, "courts have not given trade secrets automatic and complete immunity against disclosure, but have in each case weighed their claim to privacy against the need for disclosure."). Courts in this Circuit have rejected sealing motions even where parties have showed compelling reasons when that information was "relevant and critical to the [c]ourt's consideration" of the dispositive motions. *See, e.g.*, *TML Recovery, LLC v. Cigna Corp.*, 714 F. Supp. 3d 1214, 1221–22 (C.D. Cal. 2024) (denying sealing motion because the defendant's interest in protecting its sensitive pricing information "do[es] not outweigh the public right of access").

B.    Exhibits To Be Sealed

The Court considers here each exhibit for which Defendant seeks a sealing order.

- Exhibit 103

    o    Description: "PAI_000226, a spreadsheet providing financial information concerning funds seized by PAI for scrip terminals." Dkt. # 99 at 2.

Defendant's motion is DENIED with respect to Exhibit 103. The exhibit appears to contain dollar amounts and lists of corresponding ATMs, which Defendant says refer to companies and funds that Defendant seized because the companies were allegedly using improper scrip terminals. *See id.* at 4. Defendant offers no sound reason why this information should be sealed except that it had designated it confidential earlier, which is insufficient. Further, even if disclosure risks the displeasure of Defendant's business partners, the "mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure

ORDER - 4

to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1178.

- Exhibit B
    - Description: "one excerpt (51:3-13) of the deposition of Brian Haynes of PAI held on August 25, 2025." Dkt. # 99 at 2.

Defendant's motion is GRANTED with respect to the designated portions of Exhibit B. The designations contain information related to the pricing and profit that PAI makes on any given transaction. This qualifies for protection, since Defendant has shown that competitors could use this information to undercut Defendant. *Cf. Brown*, 2013 WL 12400041, at *1 (information about profits, if disclosed, could harm a party's competitive standing); *Zheng-Lawson v. Toyota Motor Corp.*, 2019 WL 6841324, at *2–3 (N.D. Cal. 2019) (sealing confidential sales data and pricing). Further, pricing information is not critical to the public's understanding of the Court's eventual disposition of the Parties' summary judgment motions. *Cf. TML Recovery, LLC*, 714 F. Supp. 3d at 1221. Plaintiff's allegations that Defendant may have profited off transactions involving the ATMs at issue, as alleged in its motion for partial summary judgment, *see, e.g.*, Dkt. # 94 at 21–24, do not rely on any specific dollar figure. Thus, the Court will likely not rely on this information in its summary judgment dispositions. *Cf. In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 789 F. Supp. 3d 760, 771 (N.D. Cal. 2025) (rejecting sealing motion because "pricing and sales information is especially relevant to material questions of fact still at issue" in summary judgment disposition).

- Exhibit D
    - Description: "one excerpt (104:20-105:6) of the deposition of Jeffery Keith of PAI held on September 15, 2025." Dkt. # 99 at 2.

Defendant's motion is DENIED with respect to the designated portion of Exhibit D.  The designation discloses only generic information about how ATM service providers, like Defendant, facilitate transactions, collect fees, and thus earn revenue.  There is no sensitive pricing information or other information related to business models or strategy unique to Defendant.

- Exhibit E

  - Description: "two excerpts (44:7-45:20 and 72:24-73:1) of the Rule 30(b)(6) deposition of PAI (A. Watson) of PAI held on September 15, 2025."  Dkt. # 99 at 2.

Defendant's motion is both GRANTED IN PART and DENIED IN PART with respect to the designated portions of Exhibit E.  Most of the first excerpt referenced above contains only generic information about how an ATM payment processor and service provider generates revenue.  As with Exhibit D, the Court does not find that this information qualifies for sealing.  That said, lines 44:22 through 45:6 do contain pricing information, which may properly be sealed because its disclosure could allow competitors to undercut Defendant.  *Cf. Brown*, 2013 WL 12400041, at *1 (information about profits, if disclosed, could harm a party's competitive standing); *Zheng-Lawson*, 2019 WL 6841324, at *2–3 (sealing confidential sales data and pricing).  As stated above, detailed pricing information is not necessary to resolve the summary judgment motions.  *Cf. TML Recovery, LLC*, 714 F. Supp. 3d at 1221. The other designation, 72:23-73:1, does not qualify for sealing because the given figure does not relate to pricing, but the total amount of funds that Defendant seized as part of its investigation into scrip ATMs.  To the extent that this disclosure risks the displeasure of Defendant's business partners (though none are mentioned), the "mere fact that the production of records may lead to a litigant's

embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1178.

- Exhibit F
  - Description: "a December 2020 email chain between PAI employee Brian Haynes and NYC ATM Corp.'s Dar Reynolds regarding PAI's attempts to identify WATM's scrip terminals/cashless ATMs that WATM operated in violation of the Visa payment and PAI network rules (PAI_009181).  PAI designated this document as Confidential."  Dkt. # 107 at 2.

Defendant's motion is DENIED with respect to Exhibit F.  Defendant gives no specific reasons as to why Exhibit F should be sealed except for those it gives for every other exhibit: that it had earlier designated the material as "confidential" because it contains "non-public commercial information that [Defendant] treats as confidential within the organization," *see* Dkt. # 107 at 7, which is insufficient.  The other reasons that Defendant offers, like the risk of disclosing profit information, PINs, or the methods by which Defendant identifies scrip terminals, do not apply to this exhibit.  While there is a reference to "losing business" in a single sentence in the email chain, the reference appears too general to entail any risk of competitive harm.

- Exhibit H
  - Description: "an October 2023 email chain between PAI CEO David Dove and Reynolds regarding PAI's withholding of $1.8 million for WATM's scrip terminals/cashless ATMs operated in violation of the Visa payment and PAI network rules (PAI_009214).  PAI designated this document as Confidential." Dkt. # 107 at 2.

Defendant's motion is DENIED with respect to Exhibit H.  Defendant gives the same blanket reasons for why Exhibit H should be sealed, and these fail to convince to the Court. While the document shows some internal dissent regarding Defendant's investigation, the "mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1178.

- Exhibit J
  - Description: "Excerpts of the deposition transcript of PAI employee Jeffery Keith held on September 15, 2025.  The testimony concerns PAI's nonpublic budgeting and bonus criteria for its employees and its decision to carry out Project Up in Smoke in 2022 to identify and take offline Scrip terminals/cashless ATMs.  PAI designated this document as Confidential."  Dkt. # 107 at 2.

Defendant's motion is GRANTED with respect to Exhibit J.  The excerpt appears to reference business strategies that are properly sealable.  *Cf. In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (finding compelling reasons to seal information related to "business strategies" and "business model[s]" because it "could harm" future business relationships and competitive standing).  Nor is it clear that the information in Exhibit J will be central to the Court's resolution of the Parties' summary judgment claims, because it does not appear to contain information specifically related to the Parties' business relationship.  *Cf. TML Recovery, LLC*, 714 F. Supp. 3d at 1221.

- Exhibit L
  - Description: "Excerpts of the deposition transcript of PAI employee Nathan Wald held on August 26, 2025.  The testimony concerns PAI's nonpublic bonuses paid to certain executives upon the sale of the company, PAI's business operations and

nonpublic information about how PAI generates revenue and the amount of

revenue it makes on a given transaction, and PAI's efforts to identify and remove

Scrip terminals/cashless ATMs instead of facing potential fines from Visa and

other payment networks.  PAI designated this document as Confidential."  Dkt. #

107 at 3.

Defendant's motion is GRANTED with respect to Exhibit L.  *Cf. In re Qualcomm Litig.*,

2017 WL 5176922, at *2 (finding compelling reasons to seal information related to "business

strategies" and "business model[s]" because it "could harm" future business relationships and

competitive standing).  And the Court is not likely to rely on this information in resolving the

Parties' summary judgment motions.  *Cf. TML Recovery, LLC*, 714 F. Supp. 3d at 1221.

- Exhibit M
  - Description: "Excerpts of the Rule 30(b)(6) deposition transcript of PAI (Alan
    Watson) held on September 4, 2025.  The testimony concerns PAI's business
    operations and nonpublic information about how PAI generates revenue and the
    amount of revenue it makes on a given transaction, PAI's nonpublic budgeting
    and bonus criteria for its employees and its decision to carry out Project Up in
    Smoke in 2022 to identify and take offline Scrip terminals/cashless ATMs, and
    PAI's efforts to identify and remove Scrip terminals/cashless ATMs instead of
    facing potential fines from Visa and other payment networks.  PAI designated this
    document as Confidential."  Dkt. # 107 at 3.

Exhibit M appears to be from the same deposition as that excerpted in Exhibit E.

Defendant's motion is GRANTED IN PART and DENIED IN PART.  These portions may be

sealed: lines 44:22–45:6, 55:18–21, 57:1–13, 59:5–60:13, 61:2–23, 73:2–75:9, 79:12–21, 112:5–

11, which contain pricing and profit information.  *Cf. Brown*, 2013 WL 12400041, at *1

(information about profits, if disclosed, could harm a party's competitive standing); *Zheng-Lawson*, 2019 WL 6841324, at *2–3 (sealing confidential sales data and pricing). The Court is not likely to use specific pricing information either. *Cf. TML Recovery, LLC*, 714 F. Supp. 3d at 1221. The remaining designations appear to contain only generic information about PAI's business, or else information pertinent to WATM's and PAI's relationship that could be used to resolving the Parties' motions, making it inappropriate to seal. *Id.* at 1221–22.

The Court addresses the next seven exhibits together:

- Exhibit N
    - Description: "an internal December 2020 email chain between PAI employees Brian Haynes and Nathan Wald regarding WATM's scrip terminals/cashless ATMs operated in violation of the Visa payment and PAI network rules (PAI_003307). PAI designated this document as Confidential." Dkt. # 107 at 3. The exhibit's pages bear a legend stating "Attorneys' Eyes Only."

- Exhibit O
    - Description: "an internal December 2020 email chain between PAI employees Brian Haynes, Jason Downs and Nathan Wald regarding WATM's scrip terminals/cashless ATMs operated in violation of the Visa payment and PAI network rules (PAI_003264). PAI designated this document as Confidential. PAI designated this document as Confidential." Dkt. # 107 at 3–4. The exhibit's pages bear a legend stating "Attorneys' Eyes Only."

- Exhibit P
    - Description: "an internal December 2020 email chain between PAI employees Brian Haynes, Jason Downs and Nathan Wald regarding WATM's scrip terminals/cashless ATMs operated in violation of the Visa payment and PAI

ORDER - 10

network rules (PAI_003172).  PAI designated this document as Confidential. PAI

designated this document as Confidential."  Dkt. # 107 at 4.

- Exhibit Q
  - Description: "an internal December 2020 email chain between PAI employees
    Brian Haynes, Jason Downs and Nathan Wald regarding WATM's scrip
    terminals/cashless ATMs operated in violation of the Visa payment and PAI
    network rules, including the specific factors it analyzed to determine WATM was
    running Scrip (PAI_003279).  PAI designated this document as Attorneys' Eyes
    Only."  Dkt. # 107 at 4.

- Exhibit R
  - Description: "an internal June 2022 email and calendar invite between PAI
    employees Brian Haynes, Mike Nelson and Nathan Wald regarding WATM's and
    others' scrip terminals/cashless ATMs operated in violation of the Visa payment
    and PAI network rules (PAI_001870).  PAI designated this document as
    Confidential."  Dkt. # 107 at 4.

- Exhibit S
  - Description: "a spreadsheet attached to the June 2022 email and calendar invite
    between PAI employees Brian Haynes, Mike Nelson and Nathan Wald (Exhibit
    R) regarding WATM's and others' scrip terminals/cashless ATMs operated in
    violation of the Visa payment and PAI network rules (PAI_001872). PAI
    designated this document as Confidential."  Dkt. # 107 at 4.

- Exhibit T
  - Description: "an internal July 2021 email chain between PAI employees Brian
    Haynes, Mike Nelson and Nathan Wald regarding WATM's and others' scrip

terminals/cashless ATMs operated in violation of the Visa payment and PAI network rules (PAI_002707).  PAI designated this document as Confidential."  Dkt. # 107 at 4–5.

Defendant's motion is DENIED with respect to Exhibits N, O, P, Q, R, S, and T.  The exhibits all appear to concern the identification of individual ATMs that Defendant identified as scrip machines, without involving business strategy, profits, or losses, or any other proprietary information.  Nor does the information in the exhibits disclose Defendant's proprietary "scoring method" for identifying problematic ATMs.  *See* Dkt. # 34 at 73–75.  Rather, the exhibits concern individuals' suspicions that certain machines may be scrip ATMs.  This does not rise to the level of a business strategy such that its disclosure could harm Defendant's competitive standing, despite the "Attorneys' Eyes Only" labels on Exhibit N and Exhibit O.  Further, many exhibits contain information related to the Parties' business relationships which the Court may use to resolve the summary judgment motions.  *Cf. TML Recovery, LLC*, 714 F. Supp. 3d at 1221.

- Exhibit U
  - Description: "Excerpts of the deposition transcript of PAI employee Brian Haynes held on August 25, 2025.  The testimony concerns PAI's efforts to identify and remove Scrip terminals/cashless ATMs instead of facing potential fines from Visa and other payment networks, and PAI's nonpublic budget information and its decision to carry out Project Up in Smoke in 2022 to identify and take offline Scrip terminals/cashless ATMs.  PAI designated this testimony as Confidential."  Dkt. # 107.

Defendant's motion is GRANTED with respect to Exhibit U because it contains much information related to business strategies and budgeting, as well as profit and revenue

projections. *Cf. In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (finding compelling reasons to seal information related to "business strategies" and "business model[s]" because it "could harm" future business relationships and competitive standing); *Brown*, 2013 WL 12400041, at *1 (information about profits, if disclosed, could harm a party's competitive standing). Nor is the Court likely to rely on this information in resolving the Parties' summary judgment motions. *Cf. TML Recovery, LLC*, 714 F. Supp. 3d at 1221.

- Exhibit W
  - Description: "an internal June 2022 email from PAI CFO Alan Watson regarding PAI's nonpublic budgeting and bonus plans and forecasts (PAI_001882). PAI designated this document as Confidential." Dkt. # 107 at 5.

Defendant's motion is GRANTED with respect to Exhibit W because it contains pay and other private financial information. *Cf. Brown*, 2013 WL 12400041, at *1 (private financial information, if disclosed, could harm a party's competitive standing). The Court is not likely to rely on this information in resolving the Parties' summary judgment motions. *Cf. TML Recovery, LLC*, 714 F. Supp. 3d at 1221.

- Exhibit X
  - Description: "an internal January 2023 email chain between PAI employees Jeffery Keith and Nathan Wald regarding carrying out Project Up in Smoke in 2022 to identify and take offline WATM's and others' scrip terminals/cashless ATMs operated in violation of the Visa payment and PAI network rules (PAI_003659). PAI designated this document as Confidential." Dkt. # 107 at 5.

Defendant's motion is DENIED with respect to Exhibit X. The information in the exhibit does not concern sensitive strategic business information or private financial information. It

concerns Defendant's efforts to identify and take offline suspected scrip ATMs, and it does not appear to the Court that disclosure would risk serious competitive harm to Defendant.

- Exhibit Y
  - o Description: "Excerpts of the Rule 30(b)(6) deposition transcript of PAI (Brian Haynes) held on September 22, 2025. The testimony concerns the business practices of Reynolds and PAI. Testimony on the same page concerns carrying out Project Up in Smoke in 2022 to identify and take offline WATM's and others' scrip terminals/cashless ATMs operated in violation of the Visa payment and PAI network rules. PAI designated this testimony as Confidential." Dkt. # 107.

Defendant's motion is DENIED with respect to Exhibit Y. The exhibit does not appear to contain any sensitive information at all, let alone information for which there could be a compelling reason to seal. The exhibit does not appear to detail any business practices but references a list of ATMs identified by Defendant as being scrip terminals. This does not qualify for protection.

- Exhibit Z
  - o Description: "an internal January 2023 email chain between PAI employees Alan Watson and Matt Bamsey regarding Project Up in Smoke and fees collected from WATM's and others' scrip terminals/cashless ATMs operated in violation of the Visa payment and PAI network rules (PAI_018383). PAI designated this document as Confidential." Dkt. # 107 at 5–6.

Defendant's motion is GRANTED with respect to Exhibit Z. Exhibit Z contains revenue figures for what are apparently Plaintiff's ATMs, which Defendant gathered for the purpose of its investigation. Because this information implicates both Plaintiff's and Defendant's financials, its disclosure risks a competitive harm, and the exhibit should be sealed. *Cf. Brown*, 2013 WL

12400041, at *1 (information about profits, if disclosed, could harm a party's competitive standing).  Nor is the Court likely to rely on this information in resolving the Parties' summary judgment motions.  *Cf. TML Recovery, LLC*, 714 F. Supp. 3d at 1221.

- Exhibit BB

  o Description: "a December 2020 email chain between PAI employee Brian Haynes and Reynolds regarding WATM's scrip terminals/cashless ATMs operated in violation of the Visa payment and PAI network rules (PAI_009203).  PAI designated this document as Confidential."  Dkt. # 107 at 6.

Defendant's motion is DENIED with respect to Exhibit BB for the same reasons as Exhibit F above.  Exhibit BB shows an email already reproduced as part of Exhibit F.

- Exhibit EE ("Exhibit DD"[2])

  o Description: "a December 2021 email chain between PAI employee Mike Nelson and Reynolds regarding WATM's and others' scrip terminals/cashless ATMs operated in violation of the Visa payment and PAI network rules (PAI_008666).  PAI designated this document as Confidential."  Dkt. # 107 at 6.

Defendant's motion is DENIED with respect to Exhibit EE.  The exhibit contains email correspondence between Defendant's employees concerning ATMs that Defendant had identified as cashless or scrip ATMs.  Defendant offers only the same generally applicable reasons for sealing Exhibit EE, none of which apply.  Nor does there appear to be any particularly sensitive information in Exhibit EE.

---

[2] Defendant identifies an "Exhibit DD" in its submission, Dkt. # 107, but in the sealed exhibits, Dkt. # 98, there is no such exhibit.  Rather, there is an Exhibit EE.  Nor is there an Exhibit DD in the publicly filed exhibits, though the declaration and docket text (which parties themselves enter) both reference such an exhibit.  *See* Dkt. 96; *see id.* ¶ 31.  It appears to the Court that "Exhibit DD" refers in fact to Exhibit EE, a December 2021 email chain between Mike Nelson and Dar Reynolds.

1

2

## IV

### CONCLUSION

For these reasons, the Court GRANTS in part and DENIES in part the motions.  In

accordance with the discussion above, for those exhibits that were filed under seal but should not

be, Defendant is DIRECTED to file unsealed versions within five court days.  Defendant is

DIRECTED to file versions of Exhibits E and M that are unredacted except for the designations

detailed above within five court days.

Dated this 2nd day of December, 2025.

John H. Chun
United States District Judge