UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WATM LLC d/b/a STEVENS & ASSOCIATES/STEVENS MANAGEMENT SERVICES,<br><br>Plaintiff,<br><br>v.<br><br>PAYMENT ALLIANCE INTERNATIONAL, INC.,<br><br>Defendant. | CASE NO. 2:24-cv-00405-JHC<br><br>ORDER |

# I

## INTRODUCTION

This matter comes before the Court on the Parties' sealing motions. Dkt. ## 110, 116, and 124. The Court has considered the materials filed in support of and in opposition to the motions, the rest of the file (including the exhibits and deposition transcript designations at issue), and the governing law. Being fully advised, for the reasons below, the Court GRANTS IN PART and DENIES IN PART the motions. And the Court RESERVES ruling as to one exhibit.

//

ORDER - 1

## II
### Background

Defendant Payment Alliance International (PAI) provides ATM management tools and services across the United States. Dkt. # 33-2 at 2 ¶ 2. Plaintiff WATM provides ATM and payment-related services to about 300 merchants. Dkt. # 1-2 at 2 ¶ 2. Defendant provides processing services to Plaintiff for their debit, credit, and ATM terminals. Dkt. # 33-2 at 2 ¶ 3. This matter concerns Defendant's seizure of funds that it alleges Plaintiff generated by operating so-called "scrip" or cashless ATMs. Dkt. # 100 at 15–16. Defendant says that it does not permit the use of scrip terminals in its ATM network, which Plaintiff used. *Id.*

The Parties now move for summary judgment. *See* Dkt. ## 94 (Plaintiff's motion for partial summary judgment dismissing Defendant's counterclaims), 100 (Defendant's motion for summary judgment dismissing Plaintiff's claims). As part of their summary judgment motions, the Parties move to seal various exhibits. The Court ruled on sealing exhibits cited in the Parties' initial motion and cross-motion at Dkt. # 129. The Court now considers the Parties' requests to seal exhibits cited in their opposition briefs.[1]

## III
### Discussion

A.   Legal Standards

Parties seeking to seal documents in connection with dispositive motions must "articulate[] compelling reasons supported by specific factual findings" to overcome the "strong

---

[1] Local Civil Rule 5(g) and the parties' Stipulated Protective Order, Dkt. # 18, obligate Plaintiff to move to seal documents on Defendant's behalf, though it opposes sealing any of the documents. Plaintiff filed the first motion Dkt. # 110, seeking sealing of two exhibits as part of its opposition to Plaintiff's motion for summary judgment. Dkt. # 110. Defendant then provided reasons for why these exhibits should be sealed. Dkt. # 124. Defendant filed a separate sealing motion for 19 other exhibits attached to its opposition to Plaintiff's motion for partial summary judgment. Dkt. # 116.

presumption in favor of access" to court records. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation modified). Compelling reasons exist when "such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)). Thus, courts "must 'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id. (*citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The "mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. (citing *Foltz*, 331 F.3d at 1135).

"[S]ources of business information that might harm a litigant's competitive standing" can support sealing requests. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citing *Nixon*, 435 U.S. at 598–99). In this context, courts in this Circuit have granted sealing motions to protect documents containing sensitive, non-public business information, even if not outright trade secrets. *See, e.g.*, *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (finding compelling reasons to seal contractual terms and information related to "business strategies" and "business model[s]" because it "could harm" future business relationships and competitive standing) (citing *In re Elec. Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008); *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) ("technical operation of [the defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard); *Brown v. Brown*, 2013 WL 12400041, at *1 (N.D. Cal. Dec. 30, 2013) (finding compelling reasons to seal information

about "profits, losses, income, investments, and expenses" when disclosure could harm party's competitive standing).

If a court decides that a party has shown compelling reasons to seal, it must determine whether those reasons outweigh the public's presumed right of access to the information. *See Kamakana*, 447 F.3d at 1178–79; *see also* Fed. R. Civ. P. 26(c) advisory committee's note to 1970 amendment (In the context of protective orders, "courts have not given trade secrets automatic and complete immunity against disclosure, but have in each case weighed their claim to privacy against the need for disclosure."). Courts in this Circuit have rejected sealing motions, even when parties have showed compelling reasons, when that information was "relevant and critical to the [c]ourt's consideration" of the dispositive motions. *See, e.g.*, *TML Recovery, LLC v. Cigna Corp.*, 714 F. Supp. 3d 1214, 1221–22 (C.D. Cal. 2024) (denying sealing motion because the defendant's interest in protecting its sensitive pricing information "do[es] not outweigh the public right of access").

B.    Exhibits at Issue

Defendant argues that Exhibit 2 to the MacIntyre Declaration (Dkt. # 113-1 at 14) contains nonpublic financial information. *See* Dkt. # 124 at 3–4. It argues that Exhibit 3 to the MacIntyre Declaration (Dkt. # 113-1 at 15) contains "trade secrets," which courts regularly seal. *See* Dkt. # 124 at 3. As for the exhibits attached to its opposition to Plaintiff's motion for partial summary judgment (at Dkt. # 118), Defendant offers the blanket assertion that Exhibits 7, 11, 26, 30, 31, 33, 34, 64, 85, 93, 103, and 112 "contain and disclose non-public commercial information[] that [Defendant] treats as confidential within the organization." Dkt. # 116 at 6. Defendant offers a range of arguments about the deposition designations contained exhibits B, D, E, H, I, and J, such as that the exhibits reveal its process for identifying cashless ATMs, its business strategies, and its transactional terms including pricing information. *Id.* at 7.

ORDER - 4

Defendant further asserts that if its sealing request is not granted, it "will face the undesirable consequences of having its confidential business operations and approach to Scrip terminals in public view." *Id*.

C.     Analysis

The Court now considers each exhibit for which Defendant seeks a sealing order.

- Exhibit 2
    - Description: "excerpts of a draft February 7, 2022 quarterly business review PowerPoint presentation circulated between PAI's highest level employees: CEO David Dove, then-CFO Alan Watson, current CFO Ben Chatham, then-COO Jeffery Keith, and current VP of Global ATM Managed Services Products Nathan Wald. The slides attached to the MacIntyre Decl. contain detailed financial performance metrics for PAI's Q4 2021 and YTD and an analysis showing year-over-year percentage change by ATM transaction type (withdrawal, surcharge, etc.)."  Dkt. # 124 at 2.

Defendant's motion is GRANTED with respect to Exhibit 2.  Disclosure of information about Defendant's past financial performance might subject it to competitive harm by its competitors.  *Cf. Clearly Food & Beverage Co., Inc. v. Top Shelf Beverages, Inc.*, 102 F. Supp. 3d 1154, 1179 (W.D. Wash. 2015) (finding cause to seal "financial history and projections" because it "could be used against [the] company by competitors").  The Court is not likely to use this information in its resolution of the summary judgment motions, which supports sealing because the exhibit will not be necessary for the public to "understand[] the judicial process." *Kamakana*, 447 F.3d at 1178–79.

//

- Exhibit 3
    - Description: "a September 2021 email chain between PAI VP of Business Development Mike Nelson and Mandy Sterud of PAI's sponsor bank, non-party MetaBank (now known as Pathward), regarding efforts to identify and remove Scrip terminals/cashless ATMs operated at dispensaries in violation of the Visa payment and PAI network rules instead of facing potential fines from Visa and other payment networks (PAI_010016). PAI designated this document as Attorneys' Eyes Only because it reveals (a) MetaBank's process for trying to determine whether a terminal is a legitimate ATM (as WATM represented) or an improper Scrip terminal/cashless ATM, and (b) proprietary terminal identification data and analysis methodology that PAI uses to distinguish between compliant ATM operations and prohibited scrip terminals, which constitutes valuable trade secret information about PAI's compliance detection processes." Dkt. # 124 at 2–3.

Defendant's motion is DENIED with respect to Exhibit 3. The exhibit shows an email from one of Defendant's business partners instructing it to turn off allegedly cashless ATMs. But the exhibit does not disclose Defendant's proprietary "scoring method" for identifying problematic ATMs, Dkt. # 34 at 73–75, even if it does mention one such criterion that could be used to identify scrip ATMs. This does not rise to the level of a business strategy such that its disclosure could harm Defendant's competitive standing.

- Exhibit 7
    - Description: "a December 18, 2020 email between Brian Haynes of PAI ("Haynes") and Dar Reynolds of NYC ATM Corp. ("Reynolds") (PAI_009176). This document concerns PAI's attempts to identify WATM's scrip

terminals/cashless ATMs that WATM operated in violation of the Visa payment and PAI network rules. PAI designated this document as Confidential." Dkt. # 116 at 2.

Exhibit 7 concerns Defendant's identification of (alleged) cashless ATMs operated by Plaintiff, brought to its attention by its contracting partner, nonparty NYC ATM. Exhibit 7 may reveal sensitive information, since it concerns the business strategy of that nonparty (and, by extension, Defendant). *Cf. In re Qualcomm Litig.*, 2017 WL 5176922, at *2. But since the relationship between Defendant and NYC ATM is a key element of Defendant's summary judgment motion against Plaintiff's claims, the information in Exhibit 7 could be "relevant and critical to the [c]ourt's consideration" of the dispositive motions, which counsels against sealing. *See TML Recovery, LLC*, 714 F. Supp. 3d at 1221–22. Thus, the Court RESERVES ruling on the motion as to this exhibit, and it will remain under seal. The Court will revisit this issue when it rules on the pending summary judgment motions.

The Court considers the next two exhibits together.

- Exhibit 11
    - Description: "a July 21, 2021 email between Mike Nelson ("Nelson"), Haynes and Nathan Wald ("Wald") of PAI (PAI_000330). This document concerns PAI's attempts to identify scrip terminals/cashless ATMs, in response to a notification from PAI's sponsor bank MetaBank, that terminals were operated in violation of the Visa payment and PAI network rules. PAI designated this document as Confidential." Dkt. # 116 at 2.
- Exhibit 26
    - Description: "a December 11, 2021 email between Haynes, David Dove, Wald and Alan Watson ("Watson") of PAI (PAI_001946). This document concerns

ORDER - 7

PAI's and other networks and processors [*sic*] attempts to focus on scrip terminals/cashless ATMs operated in violation of the Visa payment and PAI network rules in response to new guidance issued from Visa. PAI designated this document as Confidential." Dkt. # 116 at 2.

Defendant's motion is DENIED with respect to Exhibits 11 and 26. Exhibit 11 appears to concern the identification of two specific ATMs with some brief discussion of the view of one of Defendant's employees towards deactivating scrip ATMs. Exhibit 26 reproduces a brief email with a link to an article and short statement proposing inquiring with a nonparty regarding the propriety of scrip terminals. None of the information in these exhibits rises to the level confidential business strategy, the revelation of which could threaten Defendant's competitive standing. *Cf. In re Qualcomm Litig.*, 2017 WL 5176922, at *2.

The Court considers the next five exhibits together.

- Exhibit 30
    - Description: "an August 10, 2021 email between Nelson and others of PAI and FIS Global (PAI_016468). This document concerns PAI's attempts to identify scrip terminals/cashless ATMs, in response to a notification from PAI's sponsor bank MetaBank, that terminals were operated in violation of the Visa payment and PAI network rules. PAI designated this document as Confidential." Dkt. # 116 at 2–3.
- Exhibit 31
    - Description: "a December 6, 2021 email between Sabrina Cummings of MetaBank and Nelson, Mandy Sterud, and Wald of PAI (PAI_005265). This document concerns PAI's attempts to identify WATM's scrip terminals/cashless ATMs, in response to a notification from PAI's sponsor bank MetaBank, that

ORDER - 8

WATM operated in violation of the Visa payment and PAI network rules. PAI designated this document as Confidential." Dkt. # 116 at 3.

- Exhibit 33
  - Description: "a December 17, 2021 email between Nelson and others at PAI (PAI_008601). This document concerns PAI's attempts to identify WATM's scrip terminals/cashless ATMs, in response to a notification from PAI's sponsor bank MetaBank, that WATM operated in violation of the Visa payment and PAI network rules. PAI designated this document as Confidential." Dkt. # 116 at 3.

- Exhibit 34
  - Description: "a December 10, 2021 email between Jeri Schmidt of FIS Global and Nelson and others at PAI (PAI_008658). This document concerns PAI's attempts to identify scrip terminals/cashless ATMs that terminals were operated in violation of the Visa payment and PAI network rules. The document includes specific "classic" factors PAI analyzed to determine terminals were running Scrip. PAI designated this document as Confidential." Dkt. # 116 at 3.

- Exhibit 40
  - Description: "a December 3, 2022 email between Wald and others at PAI (PAI_000520). This document concerns PAI's and other networks and processors attempts to focus on scrip terminals/cashless ATMs operated in violation of the Visa payment and PAI network rules in response to new guidance issued from Visa. PAI designated this document as Confidential." Dkt. # 116 at 3.

Defendant's motion is DENIED with respect to Exhibits 30, 31, 33, 34, and 40. The exhibits concern Defendant's identification of certain terminals as scrip ATMs and actions taken in response. No exhibit discusses business strategy, profits, or losses, or any other apparent

ORDER - 9

proprietary information. Nor do the exhibits disclose Defendant's proprietary "scoring method" for identifying problematic ATMs, Dkt. # 34 at 73–75, even if one exhibit (Ex. 34) discloses certain criteria that Defendant used to identify scrip ATMs. This does not appear to rise to the level of a threat to Defendant's competitive standing if disclosed. That some emails reproduced in the exhibit involve a nonparty does not change the analysis.

- Exhibit 64
    - Description: "a PAI Wizard onboarding document for one of WATM's terminals disguised as a Genmega 2500 ATM under the name of Townley (PAI_019914). This document concerns misrepresentations of WATM in order to run a Scrip terminal in Aurora, Colorado on PAI's network. PAI designated this document as Confidential." Dkt. # 116 at 3–4.

Defendant's motion is DENIED with respect to Exhibit 64. The argument for sealing Exhibit 64 is that it contains information that Defendant keeps confidential within its organization, Dkt. # 116 at 6–7, but this assertion is not by itself a compelling reason to seal. Further, nothing in the exhibit appears to reveal any sensitive information that would harm Defendant if disclosed.

- Exhibit 85
    - Description: "a January 27, 2023 email between Heather Giles of PAI and Akel, Reynolds, Townley of WATM, and Jeffery Keith, Nelson, and Haynes of PAI (PAI_013166). This document concerns PAI's response to WATM's attempts to continue running Scrip terminals on PAI's network in violation of the Visa payment and PAI network rules. PAI designated this document as Confidential." Dkt. # 116 at 4.

Defendant's motion is GRANTED IN PART DENIED IN PART with respect to Exhibit 85.  The exhibit appears to reproduce an email exchange between Defendant and a nonparty about Plaintiff's ATMs that had been deactivated.  There does not appear to be any sensitive information in the email exchange, and the Court does not see a reason to seal the exhibit.  The attached spreadsheet, however, contains information about Defendant's surcharges on ATM transactions, which is properly sealable as pricing information.  *Cf. Brown*, 2013 WL 12400041, at *1.  The Court is not likely to use this pricing information in disposing of the case, which supports sealing, since the public will not need access to this information to understand the judicial process.  *Cf. TML Recovery, LLC*, 714 F. Supp. 3d at 1221; *Kamakana*, 447 F.3d at 1178–79.

Because of the length of the spreadsheet, Defendant may file a copy of Exhibit 85 with the spreadsheet redacted.

- Exhibit 93

    o Description: "a Hardware Rental Service Agreement between WATM and Mobile Money dated May 27, 2020 (WATM_004292). Townley executed it on behalf of WATM. This is the agreement between WATM and Mobile Money for the software that allowed WATM to operate Scrip terminals on PAI's network in violation of the Visa payment and PAI network rules. WATM designated this document as Confidential." Dkt. # 116 at 4.

Defendant's motion is GRANTED with respect to Exhibit 93.  Plaintiff says that Exhibit 93 "warrants sealing" because it contains a confidentiality agreement.  *See* Dkt. # 126 at 1.  But the mere designation of a document as confidential, even by both parties, does not by itself provide a compelling reason to seal.  *Cf. B.F. v. Amazon.com, Inc.*, 2019 WL 4597492, at *3 n.1 (W.D. Wash. Sept. 23, 2019) ("the mere fact that [p]laintiffs did not oppose [d]efendants' motion

ORDER - 11

to seal does not constitute a compelling reason to seal information that should otherwise be available to the public"). Even so, because the exhibit involves a nonparty, and because at least some of the exhibit involves pricing information, the Court finds compelling reasons to seal the entire exhibit. *Cf. Brown*, 2013 WL 12400041, at *1. And it is plausible that the nonparty could be harmed through disclosure of the contract terms it offers or the content of its licensing and rental agreements. *Cf. Exeltis USA Inc.*, 2020 WL 2838812, at *2. Nor is the Court likely to extensively discuss the provisions of the contract (rather than the fact of its existence) in its disposition of the case, which supports sealing, since the public will not need access to this information to understand the judicial process. *Cf. TML Recovery, LLC*, 714 F. Supp. 3d at 1221; *Kamakana*, 447 F.3d at 1178–79.

- Exhibit 103
    - Description: "PAI_000226, a spreadsheet providing financial information concerning funds seized by PAI for scrip terminals. PAI designated this document as Confidential." Dkt. # 116 at 4.

Defendant sought to seal Exhibit 103 in its earlier motion. *See* Dkt. # 99. Defendant's motion is DENIED with respect to Exhibit 103 for the same reasons the Court set forth in its earlier order. *See* Dkt. # 129 at 4–5.

- Exhibit 112
    - Description: "an ATM Sponsorship Agreement between PAI and MetaBank d/b/a Meta Payment Systems dated March 1, 2010 (PAI_018114). This document is the foundation of PAI's ATM processing business with MetaBank (now known as Pathward) as its sponsor bank. PAI designated this document as Confidential." Dkt. # 116 at 4.

ORDER - 12

Defendant's motion is GRANTED with respect to Exhibit 112. Some of it contains pricing information, which is reason to seal. *Cf. Brown*, 2013 WL 12400041. It is plausible that Defendant could be face competitive harm by the publication of its contract, since other parties could use that information to try to undercut Defendant by offering more advantageous terms. And it is plausible that the nonparty could be harmed through disclosure of the contract terms it offers or the content of its licensing and rental agreements. *Cf. Exeltis USA Inc.*, 2020 WL 2838812, at *2. Further, the document, which Defendant describes as "the foundation of PAI's ATM processing business with MetaBank," Dkt. # 116 at 4, reflects intrinsic considerations regarding Defendant's business strategy and model. Nor is the Court likely to extensively discuss the provisions of the contract in its disposition of the case, which supports sealing, since the public will not need access to this information to understand the judicial process. *Cf. TML Recovery, LLC*, 714 F. Supp. 3d at 1221; *Kamakana*, 447 F.3d at 1178–79.

- Exhibit B
  - Description: "one excerpt (51:3-13) of the deposition of Brian Haynes of PAI held on August 25, 2025." Dkt. # 116 at 4.

Defendant sought to seal this excerpt of the same deposition in its earlier motion. *See* Dkt. # 99. Defendant's motion is GRANTED for the same reasons the Court set forth in its earlier order. *See* Dkt. # 129 at 5.

- Exhibit D
  - Description: "eight excerpts (44:12-15, 46:9-47:12, 84:5-17, 92:11-21, 97:23-98:13, 103:23-104:3, 106 -109:9, and 117:1-15) of the deposition of Jeffery Keith of PAI held on September 15, 2025. A portion of one of these eight excerpts has been designated as Attorneys' Eyes Only: 46:9-19." Dkt. # 116 at 4.

Defendant's motion is GRANTED IN PART and DENIED IN PART with respect to Exhibit D.  These excerpts may be sealed: 46:9–47:12 and 106[:1]–109:9.  These two excerpts contain information related to pricing, detail pricing strategy, or enumerate most steps of Defendant's proprietary scoring system that it used to identify problematic ATMs.  *Cf. Brown*, 2013 WL 12400041, at *1; *Cf. In re Qualcomm Litig.*, 2017 WL 5176922, at *2.  Further, the Court is not likely to extensively discuss the provisions of the contract in its disposition of the case, which supports sealing, since the public will not need access to this information to understand the judicial process.  *Cf. TML Recovery, LLC*, 714 F. Supp. 3d at 1221; *Kamakana*, 447 F.3d at 1178–79.  The remaining excerpts should not be sealed for absence of a compelling reason.  They do not disclose particularly sensitive information nor any information that would harm Defendant's competitive standing.

- Exhibit E
    - Description: "eleven excerpts (44:7-45:20, 51:7-13, 55:18-21, 67:8-69:7, 67:15-20, 68:9-22, 69:12-23, 72:24-73:1, 87:6-21, 164:8-165:5, and 165:13-15) of the Rule 30(b)(6) deposition of PAI (A. Watson) of PAI held on September 15, 2025." Dkt. # 116 at 4–5.

Defendant's motion is GRANTED IN PART and DENIED IN PART with respect to Exhibit E.  In line with this Court's previous order, Dkt. # 129 at 6, lines 44:22 through 45:6 do contain pricing information, as well as lines 55:18–21, 87:6–21, 164:8-165:5 and 165:13–15, which may properly be sealed because its disclosure could allow competitors to undercut Defendant.  *Cf. Brown*, 2013 WL 12400041, at *1.  The Court is not likely to use pricing information in disposing of the case, which supports sealing, since the public will not need access to this information to understand the judicial process.  *Cf. TML Recovery, LLC*, 714 F.

Supp. 3d at 1221; *Kamakana*, 447 F.3d at 1178–79. The other excerpts do not present compelling reasons to seal.

The Court considers the next two exhibits together.

- Exhibit H
    - Description: "eleven excerpts (132:12-18, 133:2-14, 138:17-25-139:5-21, 140:18-141:1, 156:2-21, 162:15-163:19, 172:8-173:24, 235:16-236:4, 242:9-11, 252:8-15, and 260:4-12) of the deposition of Nathan Wald of PAI held on August 26, 2025. Two of these eleven excerpts have been designated as Attorneys' Eyes Only: 132:12-18 and 133:2-14." Dkt. # 116 at 5.
- Exhibit I
    - Description: "one excerpt (25:17-22) of the Rule 30(b)(6) deposition of PAI (Nathan Wald) held on September 9, 2025." Dkt. # 116 at 5.

Defendant's motion is DENIED with respect to Exhibit H and Exhibit I. These deposition excerpts do not reveal sensitive pricing information, business models, or business strategy, but concern Defendant's efforts to identify and take offline what it thought were scrip terminals, as well as its understanding of their propriety in the broader market of ATM service providers, payment processors, and other of Defendant's contracting partners. This does not present a compelling reason to seal the exhibit. *Cf. Kamakana*, 447 F.3d at 1178.

- Exhibit J
    - Description: "six excerpts (45:3-16, 58:22-59:8, 63:2-5, 97:3-15, 110:10- 111:9, and 138:17-139:7) of the deposition of Mike Nelson of PAI held on September 11, 2025. Three of these six excerpts have been designated as Attorneys' Eyes Only: 97:3- 15, 110:10-111:9, and 138:17-139:7." Dkt. # 116 at 5.

Defendant's motion is GRANTED IN PART and DENIED IN PART with respect to Exhibit J. The excerpt at 58:22-59:8 may be sealed, because it involves Defendant's concerns over competition, and thus exposure of this information could entail competitive harm. The Court is not likely to use information about Defendant's competitive concerns in disposing of the case, which supports sealing, since the public will not need access to this information to understand the judicial process. *Cf. Kamakana*, 447 F.3d at 1178–79.

The other excerpts do not contain pricing information, business strategy (beyond discussions of the need to adhere to existing contractual requirements), or business models. The final excerpt concerns Defendant's identification of scrip ATMs but it lists generic factors and not the proprietary scoring system Defendant used.

## IV
### Conclusion

For these reasons, the Court GRANTS in part and DENIES in part the motions. And the Court RESERVES ruling as to one exhibit. In accordance with the discussion above, for exhibits that were filed under seal but should not be, Defendant is DIRECTED to file unsealed versions within five court days. Defendant is DIRECTED to file versions of Exhibits B, D, E, and J that are unredacted except for the designations detailed above within five court days.

Dated this 10th day of December, 2025.

John H. Chun
United States District Judge

ORDER - 16